# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| WINESTORE HOLDINGS, LLC, ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT FOR** |
| ) | **DECLARATORY JUDGMENT** |
| v. ) | |
| ) | |
| JUSTIN VINEYARDS & WINERY LLC and ) | |
| THE WONDERFUL COMPANY LLC, ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Winestore Holdings, LLC ("Plaintiff") brings this action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, for a declaratory judgment and other relief against Defendants Justin Vineyards & Winery LLC ("Justin") and The Wonderful Company LLC ("Wonderful") (collectively, "Defendants"), and alleges as follows:

## PARTIES

1. Plaintiff is a limited liability company formed under the laws of the State of North Carolina, with a principal place of business at 720 Governor Morrison Street, #150, Charlotte, North Carolina 28211, and is doing business in this State and District.

2. Upon information and belief, Justin is a limited liability company formed under the laws of the State of Delaware, with a principal place of business at 11444 W. Olympic Boulevard, 10th Floor, Los Angeles, California 90064, and is doing business in this State and District.

3. Upon information and belief, Wonderful is a limited liability company formed under the laws of the State of Delaware, with a principal place of business at 11444 W. Olympic

Boulevard, 10th Floor, Los Angeles, California 90064, and is doing business in this State and District

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), and 1367.

5. This Court may declare the rights and other legal relations of the parties in this case, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiff and Defendants.

6. This Court has personal jurisdiction over Defendants consistent with the principles underlying the U.S. Constitution and N.C. Gen Stat. § 1-75.4.

7. Upon information and belief, Defendants have regularly and intentionally conducted business in this State and District by selling, offering for sale, distributing, and/or advertising goods and services, providing an interactive website, and otherwise engaging in business throughout the United States, and are subject to personal jurisdiction in this State and District by virtue of their contacts here.

8. Upon information and belief, Defendants' goods and services are sold, offered for sale, distributed, and/or advertised to customers residing in this State and District and have been sold or distributed to customers in this State and District.

9. Venue is proper in the United States District Court for the Western District of North Carolina pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

10. Plaintiff is a Charlotte, North Carolina-based retailer of wine, with five stores located throughout North Carolina. Plaintiff also offers its products online through its website, located at www.winestore-online.com.

11. Upon information and belief, Justin is a California-based retailer of wine. Justin offers its products in stores throughout the United States, and online through its website, located at www.justinwine.com. Upon information and belief, Justin is a subsidiary of Wonderful.

12. Upon information and belief, Wonderful is a California-based company, and owner of a large portfolio of subsidiaries, including Justin.

13. Upon information and belief, Justin merged with Overlook Vineyards, LLC d/b/a Landmark Vineyards in 2011. Justin is the surviving entity, but continues to offer Landmark Vineyards products, such as the Landmark Vineyards Overlook Chardonnay, in stores throughout the United States, and online through its website, located at www.landmarkwine.com.

14. Plaintiff filed U.S. Trademark Application Serial No. 86/851,094 ("Plaintiff's Application") for the mark OVERBROOK on December 16, 2015, reciting wine in Int. Class. 33.

15. Plaintiff's Application for the mark OVERBROOK was approved by the U.S. Patent and Trademark Office ("USPTO") for publication on April 13, 2017, and published in the *Official Gazette* on May 23, 2017. A copy of the Notice of Publication is attached hereto as Exhibit A.

16. Plaintiff has been using the OVERBROOK mark in connection with wine since at least as early as April 4, 2016.

17. Defendants purport to be the owner of the OVERLOOK mark, which mark, upon information and belief, is the subject of U.S. Trademark Registration No. 3,158,532 ("Defendants' Registration").

18. The USPTO did not cite Defendants' Registration against Plaintiff's Application during the prosecution of Plaintiff's OVERBROOK mark.

19. Defendants, through their counsel, have threatened Plaintiff's business, in this State and District and elsewhere, by accusing Plaintiff of unlawful actions through a demand letter dated April 25, 2017 (the "Demand Letter").  A copy of the Demand Letter is attached hereto as Exhibit B.

20. Defendants state in their Demand Letter that Plaintiff's use of the mark OVERBROOK in connection with wine will violate federal trademark laws.

21. Upon information and belief, Plaintiff's use of the OVERBROOK mark does not infringe upon any valid and enforceable trademark rights Defendants might have in the OVERLOOK mark.

22. Defendants do not have the exclusive right to use OVER-formative marks in connection with wine.

23. There are many third-party federal registrations for OVER-formative marks in connection with wine, such as U.S. Trademark Registration No. 2,034,444 for the mark OVERTURE; U.S. Trademark Registration No. 3,333,465 for the mark OVERSTONE; U.S. Trademark Registration No. 4,418,605 for the mark OVERTHINKER; U.S. Trademark Registration No. 4,580,450 for the mark OVERBOARD; U.S. Trademark Registration No.3,992,552 for the mark OVERLOAD; and U.S. Trademark Registration No. 4,368,974 for the mark OVERLAND.

24. Defendants do not have the exclusive right to use OVERLOOK-formative marks in connection with wine.

25. There is a third-party federal registration for an OVERLOOK-formative mark in connection with wine; U.S. Trademark Registration No. 3,403,650 for the mark PRESTON OVERLOOK VINEYARD, which registration issued on March 25, 2008, from an application filed on September 1, 2006, and recites wine in Int. Class. 33. The USPTO similarly did not cite Defendants' Registration during the prosecution of the PRESTON OVERLOOK VINEYARD mark.

26. There is also third-party use of the mark OVERLOOK in connection with wine. Upon information and belief, Ayoub Wines is a retailer of wine, using the mark OVERLOOK VINEYARD to offer wine throughout the United States, and online through its website, located at www.ayoubwines.orderport.net/wines.

27. The OVERBROOK mark and the OVERLOOK mark are dissimilar in overall commercial impression, particularly as encountered in the marketplace. Shown below on the left is one example of how Plaintiff uses its OVERBROOK mark; shown below on the right is one example of how Defendants purportedly use the OVERLOOK mark:

 

*Plaintiff's OVERBROOK mark*      *Defendants' OVERLOOK mark*

28. The OVERBROOK mark and the OVERLOOK mark are dissimilar in sight, sound, and meaning.

29. Upon information and belief, Defendants have yet to file a complaint against Plaintiff to enforce its purported trademark rights.

30. Upon information and belief, there is no likelihood of confusion between Plaintiff and Defendants by virtue of the OVERBROOK mark.

31. Upon information and belief, Plaintiff has not violated any of Defendants' purported trademark rights and is not liable to Defendants for trademark infringement or any other federal, state or common law causes of action, in law or in equity.

32. Upon information and belief, Plaintiff's use of its OVERBROOK mark has not caused nor will it cause damage to Defendants by, *inter alia*, harming Defendants' sales, goodwill, and reputation.

33. There is an actual and substantial controversy between Plaintiff and Defendants of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court.

## CLAIM FOR RELIEF: DECLARATORY JUDGMENT

34. Plaintiff realleges and incorporates herein by reference the foregoing paragraphs.

35. This is an action for declaratory judgment under 28 U.S.C. § 2201 for the purpose of determining a question of actual controversy between the parties.

36. There is a real, substantial, and justifiable issue in controversy between the parties regarding Defendants' purported trademark rights, Plaintiff's rights to continue using its OVERBROOK mark, and Defendants' threat to Plaintiff.

6

Case 3:17-cv-00326   Document 1   Filed 06/14/17   Page 6 of 7

37. Plaintiff is entitled to a judgment declaring that it has valid and enforceable trademark rights in its OVERBROOK mark; that Plaintiff has not violated any purported rights of Defendants under federal, state, or common law laws; and that Plaintiff is not liable to Defendants for any claims, including any claim of trademark infringement.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays the Court to enter a judgment:

A. Declaring that Plaintiff has not infringed or otherwise violated any purported rights of Defendants, including any provisions of 15 U.S.C. §§ 1114 and 1125 or any other asserted federal, state, or common law laws;

B. Granting Plaintiff its costs and awarding Plaintiff its reasonable attorneys' fees and other litigation expenses, together with such further legal and equitable relief as the Court may deem just and proper.

Plaintiff demands a trial by jury on all issues so triable.

Dated: June 14, 2017

Respectfully submitted,

s/ J. Mark Wilson
J. Mark Wilson
N.C. State Bar No. 25763
Minnie Kim
N.C. State Bar No. 46178
MOORE & VAN ALLEN PLLC
Bank of America Corporate Center
100 North Tryon Street, Suite 4700
Charlotte, NC  28202-4003
Telephone: (704) 331-1000
Facsimile: (704) 331-1159
Email:  markwilson@mvalaw.com
             minniekim@mvalaw.com

*Attorneys for Plaintiff
Winestore Holdings, LLC*