UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:17-cv-00326-RJC-DSC

| WINESTORE HOLDINGS LLC, | ) |  |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| JUSTIN VINEYARDS & WINERY LLC and THE WONDERFUL COMPANY LLC, | ) ) ) ) | |
| Defendants. | ) ) | |

**THIS MATTER** comes before the Court on Justin Vineyards & Winery LLC and The Wonderful Company LLC's ("Defendants"") Motion to Dismiss, or in the Alternative, Stay, (Doc. No. 4); their Memorandum in Support, (Doc. No. 5); Defendants' Request for Judicial Notice, (Doc. No. 6); Winestore Holding LLC's ("Plaintiff's") Response in Opposition of the Defendants' Motion to Dismiss, (Doc. No. 12); Defendants' Reply to Plaintiff's Response (Doc. No. 13); the Magistrate Judge's Memorandum and Recommendation ("M&R"), (Doc. No. 14), recommending the Court grant Defendants' Motion to Dismiss without prejudice. Plaintiff filed an Objection to the M&R on Feb. 6, 2018, (Doc. No. 15). Defendants replied to Plaintiff's Objection on February 20, 2018, (Doc. No. 16). The Motion is now ripe for the Court's consideration.

I. BACKGROUND

No party has objected to the Magistrate Judge's statement of the factual and procedural background of this case. Therefore, the Court adopts the facts as

1

reproduced below:

Accepting the factual allegations of the Complaint (Doc. No. 1) as true, Plaintiff is a Charlotte-based retailer of wine, with five stores located throughout North Carolina. Defendant Justin Vineyards & Winery LLC is a California based retailer of wine. Justin offers its products in stores throughout the United States and online. Justin Vineyards is a subsidiary of Defendant, The Wonderful Company LLC.

Plaintiff filed U.S. Trademark Application Serial No. 86/851.094 for the mark OVERBROOK on December 16, 2015, for use with wine in International Class 33. Plaintiff's Application was approved for publication by the United States Patent and Trademark Office on April 13, 2017, and published in the *Official Gazette*, on May 23, 2017. Plaintiff has been using the OVERBROOK mark in connection with its wine since at least as early as April 4, 2016.

On April 25, 2017, Defendants' counsel emailed Plaintiff's counsel. The email stated in relevant part:

> We have learned that your client has filed a trademark application for "overbrook", US Serial No. 86851094, for use with wine in International Class 33.
>
> Our client believes that this trademark is too similar to its OVERLOOK® trademark and its use could be interpreted as intending to trade off of the goodwill of our client's distinctive trademarks, creating a likelihood of confusion, mistake, and deception as to your client's affiliation, connection, or association with JUSTIN among consumers and the trade. Such unauthorized uses may also dilute our client's trademarks by, among other things, blurring the distinction between JUSTIN and your client's company. These unauthorized actions, therefore, may constitute trademark infringement, false designation of origin and unfair competition under the laws of the United States and state law.

> JUSTIN prefers to settle matters amicably where possible. Therefore, please contact me at your earliest convenience . . .

Doc. 1, Ex. B.

Plaintiff filed this action on June 14, 2017, seeking declaratory judgment that use of its OVERBROOK mark does not violate any federal or common law or any purported trademark rights of Defendants. On June 15, 2017, Justin Vineyards filed a Notice of Opposition with the Trademark Trial and Appeal Board ("TTAB") to commence an opposition proceeding against Plaintiff's Application. On June 20, 2017, Plaintiff moved to suspend the Opposition pending disposition of this action. Justin Vineyards filed an opposition to Plaintiff's Motion to suspend on July 31, 2017. On September 11, 2017, the TTAB issued its decision granting Plaintiff's Motion to suspend.

On September 21, 2017, Defendants filed their Motion to Dismiss for lack of subject matter jurisdiction. Defendants contend that their counsel's email was insufficient to meet the case or controversy requirement for issuance of a declaratory judgment.

Defendants' Motion has been fully briefed and is ripe for determination.

## II. STANDARD OF REVIEW

### A. Review of the Magistrate Judge's Recommendation

A district court may assign dispositive pretrial matters, including motions to dismiss, to a magistrate judge for "proposed findings of fact and recommendations." 28 U.S.C. § 636(b)(1)(A)&(B). The Federal Magistrate Act provides that a district court "shall make a de novo determination of those portions of the report or specified

proposed findings or recommendations to which objection is made." Id. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "when objections to strictly legal issues are raised and no factual issues are challenged, de novo review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). De novo review is also not required "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Similarly, when no objection is filed, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, advisory committee note).

B. Motion to Dismiss Under Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Rule 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). The existence of subject matter jurisdiction is a threshold issue the court must address before considering the merits of the case. Jones v. Am. Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999). "The subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). Subject matter jurisdiction is so limited that federal "[c]ourts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." Hertz Corp. v. Friend, 559 U.S. 77, 94

(2010) (internal citations omitted). "No party can waive the defect, or consent to [subject matter] jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dep't of Corr. v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted).

## III. DISCUSSION

The Magistrate Judge's M&R found Defendants' email insufficient to meet the actual controversy requirement for a declaratory judgment action and recommended this Court grant Defendants' Motion to Dismiss. (Doc. No. at 6). Plaintiff now objects to the Magistrate Judge's finding that: (1) insufficiently considered the totality of the circumstances and inadequately followed the totality of the circumstances standard set out in MedImmune v. Genentech, Inc.; (2) the holding in InVue Sec. Products, Inc. v. Merchandising Technologies, Inc. is applicable to the facts alleged here; and (3) Defendants' Demand Letter was required to, but did not, rise to the level of a cease and desist letter. (Doc. No. 15 at 3-4). The Court agrees with the Magistrate Judge and adopts his M&R.

A. The M&R properly established the standard for declaratory judgment jurisdiction.

The Declaratory Judgment Act provides that, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The phrase "a case of actual controversy" in the Act refers to the types of "cases" and "controversies" that are justiciable under Article III of the U.S. Constitution. 3M Co. v. Avery Dennison

5

Corp., 673 F.3d 1372, 1376 (Fed.Cir.2012) (citing Aetna Life Ins. v. Haworth, 300 U.S. 227, 239–40 (1937)).

1. *MedImmune, Inc. v. Genentech, Inc.*

In MedImmune, Inc. v. Genentech, Inc., the Supreme Court rejected the former reasonable apprehension test for constitutional standing of declaratory judgment and replaced it with a totality of the circumstances standard. 549 U.S. 118, 127 (2007). For there to be a case or controversy justiciable for the Court, the plaintiff must show that "the dispute is definite and concrete, touching the legal relations of parties having adverse legal interests; and that it be real and substantial and admit of specific relief through a decree of conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical set of facts." Id. Specifically, the question is whether there is "a substantial controversy, between parties having adverse legal interests, of *sufficient immediacy and reality* to warrant the issuance of a declaratory judgment." Id. (citing Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941)) (emphasis added).

Assessing "immediacy" requires the consideration of "how far in the future the potential infringement is, whether the passage of time might eliminate or change any dispute, and how much if any harm the potential infringer is experiencing, at the time of suit, that an adjudication might redress." Sandoz Inc. v. Amgen Inc., 773 F.3d 1274, 1278 (Fed. Cir. 2014) (citing Matthews v. Int'l Corp. v. Biosafe Eng'g, LLC, 695 F.3d 1322, 1329-30 (Fed. Cir. 2008)). Relatedly, assessing "reality" requires the examination of "any uncertainties about whether the plaintiff will take an action that

6

will expose it to potential infringement liability, and if so, exactly what action." Id. at 1278 (citing Arkema Inc. v. Honeywell Int'l, Inc., 706 F.3d 1351, 1356-60 (Fed. Cir. 2013)).

In the present case, contention arises over whether Defendants' email establishes a "substantial controversy" sufficient to warrant declaratory judgment jurisdiction. (Doc. No. 12). Defendants contend that their single email exchange does not arise to an "actual controversy" worthy of jurisdiction, while Plaintiff believes the "totality of the circumstances" meets the burden of the MedImmune standard to establish jurisdiction. (Doc. Nos. 12-15).

2. *InVue Products, Inc. v. Merchandising Technologies, Inc.*

In InVue Sec. Products, Inc. v. Merchandising Technologies, Inc., this Court looked to the Federal Circuit's approach in SanDisk Corp. v. STMicroelectronics, Inc., 480 F.3d 1372 (Fed. Cir. 2007), to navigate MedImmune's totality of the circumstances standard. 3:12-cv-88-RJC-DSC, 2012 WL 2577452, at *3-4 (W.D.N.C. July 3, 2012). This Court held that "a substantial controversy exists 'where a patentee asserts rights under a patent based on certain identified ongoing or planned activity of another party, and where the party contends that it has the right to engage in the accused activity without license.'" Id. at *3 (citing SanDisk Corp., 480 F.3d at 1381).[1]

---

[1] "[T]he rule applied to declaratory judgment issues in patent disputes . . . carrie[s] over to be applied in trademark cases. There is no reason to expect this overlap to stop after the 2007 MedImmune decision." (M&R at 5 n.1) (citing Americal Corp. v. Int'l Legwear Group, Inc., No. 1:10-cv-65, 2010 WL 6001592, at *6-7

7

In InVue, this Court determined that a defendant's meet and confer letter failed to trigger declaratory judgment jurisdiction. Id. The letter asked the plaintiff to review the differences between the plaintiff's product and the defendant's patented technology. Id. at *1. This Court concluded the letter amounted to a "proffer of and request for information," thus failing to establish an "adverse legal position" that was sufficiently "a case of actual controversy." Id. at *3. The defendant's motion to dismiss succeeded because the plaintiff exclusively relied on the letter as its jurisdictional basis and the letter failed to identify infringement in its plain language. Id.

While Plaintiff objects to the M&R's application of InVue, the Court finds the Magistrate Judge properly applied the case to guide its review for declaratory judgment jurisdiction. (Doc. No. 14 at 3-4, 5-6). InVue expresses the trend that "[d]espite the more lenient actual controversy requirement, the Federal Circuit has held that 'a communication from a patent owner to another party, merely identifying its patent and the other party's product line, *without more*, cannot establish adverse legal interests between the parties, let alone the existence of a definite and concrete dispute.'" InVue, 2012 WL 2577452, at *3 (citing Hewlett-Packard Co. v. Acceleron LLC, 587 F.3d 1358 (Fed. Cir. 2009)) (emphasis added). Mere identification of a protected product or communication between two product owners *alone* fails to establish a "definite and concrete dispute" satisfying the MedImmune standard. Id.

---

(W.D.N.C. May 14, 2010) (finding declaratory judgment jurisdiction in a trademark case following MedImmune and other patent cases)).

8

Instead, InVue's reliance on SanDisk Corp. v. STMicroelectronics, Inc. reveals the requirement for "specified, identified activity" supporting adverse legal interests that "shows a preparedness and willingness to enforce its patent rights" to qualify for declaratory judgment. See SanDisk Corp., 480 F.3d at 1381–82 (concluding that the defendant's "thorough infringement analysis"; detailed, element-based analysis identifying the manner of infringement; physical exchange of packets explaining patented material, public communication of their infringement "determination"; and liberal reference to the plaintiff's "present, ongoing infringement" established enough activity to support an actual controversy worthy of jurisdiction). Consideration must also be made into whether the letter places the plaintiff "in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do." Id. at 1381 (holding "only that where a patentee asserts rights under a patent based on certain identified ongoing or planned activity without license, an Article III case or controversy will arise"). Ultimately, "[h]ow much more [activity] is required is determined on a case-by-case analysis." InVue, 2012 WL 2577452 at *3 (citing 3M Co. v. Avery Dennison Corp., 673 F.3d 1372, 1376 (Fed. Cir. 2012)) (concluding that the patentee's statement of a forthcoming claim chart and the history of past patent litigation between the parties could constitute a case or controversy)).

B. *InVue*'s Application to the Present Case Precludes Finding Jurisdiction.

Plaintiff objects to the M&R's notion that Defendants' letter was "required to, but did not, rise to the level of a cease and desist letter." (Doc. No. 15 at 4). In doing so, Plaintiff emphasizes the disparities between InVue and the present case and

9

Defendants' history of aggressive trademark litigation. (Doc. No. 15 at 4).

To begin with, InVue is not as dissimilar as Plaintiff argues. The same supporting elements of InVue apply to the present case. Here, Plaintiff relies exclusively on Defendants' email as its jurisdictional basis for declaratory judgment. While the language in Defendant's Demand letter involves more specific and targeted language towards Plaintiff's trademark than in InVue, the Demand Letter's language still fails to reflect a definite dispute. Defendants used the phrases "*could be* interpreted . . .", "*may* also dilute . . ." and "*may* constitute . . . ." (Doc. No. 14 at 2) (emphasis added). These modal verbs serve as requests for permission and clarification, as Defendants inquired into the specific details of Plaintiff's products. The Demand Letter's language parallels the "proffer of and request for more information" of InVue. InVue, 2012 WL 2577452 at *3. Like the "meet and confer" aspect of the letter in InVue, Defendants' email expresses their preference "to settle matters amicably where possible" while also asking Plaintiff to contact them at their "earliest convenience." (Doc. No. 14 at 2). As the Court repeatedly expressed, "it is in the public interest to allow parties to resolve matters privately, and [the Court] is reluctant to exercise jurisdiction." InVue, 2012 WL 2577452 at *4. The Court views Plaintiff's Motion for Declaratory Judgment as an inappropriate step in such matters.

At the time of Plaintiff's complaint, no TTAB motion had been filed in opposition to Plaintiff's trademark application for "Overbrook." (Doc. No. 14 at 2). Instead of resolving matters privately prior to court involvement, Plaintiff viewed Defendants' email as inciting a justiciable controversy and prematurely requested a

declaratory judgment. The complaint, as brought, fails to meet the actual controversy requirement for a Declaratory Judgment action because the only legitimate support of controversy presented by Plaintiff is Defendants' email. While Plaintiff is correct in its statement that courts have found actual controversy without explicit threats or demands, (Doc. No. 15 at 10), there needs to be "specified, identified activity" supporting adverse legal interests that "shows a preparedness and willingness to enforce its patent rights." SanDisk Corp., 480 F.3d at 1381, 1383. It is within this same reasoning that the M&R correctly cites Artful Color Inc. v. Hale, in which "a cease and desist letter *alone* did not amount to an actual controversy." (Doc. No. 14 at 6) (citing Artful Color Inc. v. Hale, 928 F. Supp.2d 859, 862 (E.D.N.C. 2013).

Plaintiff must present more evidence than Defendants' email to support an actual controversy. Plaintiff's reliance on Defendants' past aggressive litigation of similar issues, Defendants' filing of a TTAB opposition immediately following Plaintiff's complaint, and Defendants' present involvement in Whole E. Nature v. Wonderful Company, 2017 U.S. Dist. LEXIS 155554 (S.D. Cal. Sept. 22, 2017) is insufficient. (Doc. Nos. 12, 15). These layers of support ultimately fail to illustrate "specified, identified activity" of adverse legal interests to the appropriate totality of the circumstances standard. MedImmune, 549 U.S. at 127 ("the dispute is *definite and concrete*, touching the legal relations of parties having adverse legal interests . . . [, showing there is] "a *substantial controversy*, between parties having adverse legal interests, of *sufficient immediacy and reality* to warrant the issuance of a declaratory judgment"); See also InVue, 2012 WL 2577452, at *3 (concluding that the defendant's

11

non-litigious communication with the plaintiff fails to show a "substantial controversy" of sufficient immediacy and reality for declaratory judgment jurisdiction). Defendants' aggressive litigation of similar matters in the past and Defendants' later filed TTAB opposition are irrelevant to the present case. The time period for consideration of "specified, identified activity" illustrating a justiciable controversy is the time before Plaintiff's initial complaint was filed and is reserved to the exchanges between Plaintiff and Defendant. See Arris Group, Inc. v. British Telecomm., 639 F.3d 1368 (Fed. Cir. 2011) ("The burden is on the party claiming declaratory judgment jurisdiction to establish that an Article III case or controversy existed at the time the claim for declaratory relief was filed."). This period of review is limited because the support must appropriately illustrate the dispute is "of *sufficient immediacy and reality* to warrant the issuance of a declaratory judgment" at the time of its initial filing. MedImmune, 549 U.S. at 127. At the time of Plaintiff's Complaint, only Defendants' email had been exchanged, and this support is insufficient to support a controversy that is substantial, "definite and concrete" and of "sufficient immediacy and reality" to require court involvement. For these reasons, the Court finds Defendants' email insufficient to meet the actual controversy requirement for a Declaratory Judgment action, and therefore **GRANTS** Defendants' Motion to Dismiss. The Court acknowledges the alleged dispute may later rise to meet the standards for Declaratory Judgment action, so the Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE.**

IV. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Magistrate Judge's M&R, (Doc. No. 14), is **ADOPTED**;

2. Defendants' Motion to Dismiss, (Doc. No. 4), is **GRANTED**; and

3. The Clerk of Court is directed to close this case.

Signed: August 7, 2018

Robert J. Conrad, Jr.
United States District Judge